UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 21-CV-60014-RS**

JASON L. GLEICHER,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation to District Judge [DE 31] of Magistrate Judge Alicia O. Valle. Magistrate Judge Valle recommends granting Defendant's Motion for Summary Judgment [DE 22] and denying Plaintiff's Motion for Summary Judgment [DE 19]. The Report and Recommendation finds that the Administrative Law Judge's (ALJ) decision denying benefits applied the proper legal standards and was supported by substantial evidence and, thus, recommends that the ALJ's decision be affirmed. Plaintiff has filed Objections to the Magistrate Judge's Report and Recommendations [DE 35]. Because the Magistrate Judge correctly found that substantial evidence supports the findings of the ALJ, the Court affirms and adopts the Magistrate Judge's Report and Recommendation, overrules Plaintiff's objections, grants Defendant's Motion for Summary Judgment, and denies Plaintiff's Motion for Summary Judgment.

Plaintiff raises two main objections: (1) the ALJ did not properly weigh the medical opinion evidence; and (2) the ALJ did not properly evaluate Plaintiff's subjective statements

concerning his own medical condition. The standard of review of a decision of the Social Security Commissioner applied by a district court is well established:

> In reviewing claims brought under the Social Security Act, [a court's] role is a limited one. [It] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary. Even if [it] find[s] that the evidence preponderates against the Secretary's decision, [it] must affirm if the decision is supported by substantial evidence.

*Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is more than a scintilla but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Id.*; *see Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018). Based on this standard, the ALJ's decision and the Magistrate Judge's Report and Recommendation must be affirmed.

***Plaintiff's First Objection***

Plaintiff contends that the ALJ did not properly weigh the medical opinion evidence, specifically the opinion of his treating Advanced Registered Nurse Practitioner Rohrbaugh. Plaintiff argues that the ALJ erred in determining that Nurse Rohrbaugh's opinions were not supported by Plaintiff's records because treatment records described Plaintiff as "stable" with treatment and because Plaintiff did not require emergency room visits or hospitalization. Thus, Plaintiff essentially contends that the ALJ did not conduct a proper evaluation of the supportability of the treating source medical opinion.

Social Security regulations require the ALJ to consider and evaluate all evidence, including medical opinions. 20 C.F.R. § 404.1513(a). Medical opinions are statements "from a medical source about what [the claimant] can still do despite [his] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions" regarding his ability to perform physical demands (such as sitting, standing, walking, reaching, and handling, among others) and mental demands of work activities (such as understanding, remembering, and maintaining

2

concentration, persistence, and pace). 20 C.F.R. § 404.1513(a)(2). For medical opinions on claims filed after March 2017, the treating source rule has been eliminated.[1] *Matos v. Comm'r of Soc. Sec.*, No. 21-CV-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) ("This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion."). Instead, the persuasiveness of any medical source's opinion depends on whether the opinion is: (1) supported by objective medical evidence and the sources' explanation of her opinion; and (2) consistent with other evidence in the medical record. 20 C.F.R. § 404.1520c(c)(1)-(2). These factors, referred to as "supportability" and "consistency," are the "most important factors" in the ALJ's analysis. 20 C.F.R. § 404.1520c(b)(2). Supportability refers to the relevance of the "objective medical evidence and supporting explanations presented by a medical source to support his or her" opinion, 20 C.F.R. § 404.1520c(c)(1); consistency looks to whether "the evidence from other medical sources and nonmedical sources in the claim" are consistent with the medical opinions presented, 20 C.F.R. § 404.1520c(c)(2).

After reviewing the medical evidence, the ALJ concluded that the opinion of Nurse Rohrbaugh was not persuasive because it was not consistent with the nurse's own medical notes indicating that the claimant is stable on medications and diet. The ALJ further explained that there were few treatment notes and no emergency room or hospital visits in the medical record, which was inconsistent with the degree of disability stated by both the treating source and the claimant.

The Court finds that the ALJ conducted a proper evaluation of the supportability of the treating source medical opinion because the treatment notes confirm the ALJ's conclusion that the

---

[1] For claims filed prior to March 27, 2017, the treating source rule generally required ALJs to give "controlling weight" or "greater weight" to a treating source's opinion absent "good cause." 20 C.F.R. § 404.1527(c). There is no dispute that the new regulations promulgated after March 2017 govern Plaintiff's disability claim.

3

nurse's opinion was not supported by her treatment notes. Nurse Rohrbaugh's treatment notes are few; in fact, Nurse Rohrbaugh treated Plaintiff only four times between May 2018 and May 2019. Three of the four visits were unrelated to the medical conditions that Plaintiff contends are the root of his disability. Only an October 2018 visit seems to have been precipitated by a severe migraine episode like those Plaintiff contends render him disabled. Accordingly, although Nurse Rohrbaugh's treatment notes reflect Plaintiff's complaints of and treatment for intermittent migraines, they do not support Nurse Rohrbaugh's opinion of disabling limitations due to the migraines. (*See e.g.,* R. 334 (May 30, 2018 note reflecting that migraines and cyclical vomiting are controlled on current medications); R. 325, 326 (December 2018 note reflecting that Plaintiff is "feeling well and does not have any new or acute complaints" and reports that migraines are controlled on current medications); R. 322, 323 (May 29, 2019 note reflecting routine follow-up and labs, with migraines "intermittently controlled on medications" based on Plaintiff's report of worsening headaches, for which he "is now seeking disability status.")). Because the treatment notes are thus relatively sparse regarding the condition Plaintiff claims renders him disabled, the Court finds that the ALJ conducted a proper evaluation of the supportability of the treating source medical opinion.

Regarding the consistency factor, the Court finds that the ALJ properly summarized the other evidence in the record as inconsistent with Nurse Rohrbaugh's medical opinion. The record shows that Plaintiff reported that his migraines had improved with increased medication (R. 361) and all of Plaintiff's neurological diagnostic tests came back normal (R. 357). These additional treatment notes are inconsistent with Nurse Rohrbaugh's medical opinion. The ALJ's decision also referenced the absence of emergency room visits and hospitalizations as further support for finding that Nurse Rohrbaugh's medical opinion is inconsistent with other evidence in the record. Although Plaintiff is correct that there is no requirement under the Social Security Act nor the

Commissioner's Regulations that an individual must be hospitalized to be found disabled, it was Nurse Rohrbaugh who instructed Plaintiff to go to the emergency room if his symptoms worsened. The fact that he never did reveals an inconsistency between Plaintiff's medical condition and Nurse Rohrbaugh's medical opinion.

The Court finds that the ALJ properly evaluated Nurse Rohrbaugh's medical opinion, and adequately explained both the supportability and consistency factors in determining that Plaintiff was not disabled. *See* 20 C.F.R. § 404.1520c(c)(1)-(2). Thus, after reviewing the record as a whole, the Court finds that substantial evidence supports the ALJ's Decision and that the ALJ applied the proper legal standard in evaluating Nurse Rohrbaugh's medical opinion.

***Plaintiff's Second Objection***

Plaintiff next argues that the ALJ did not properly consider Plaintiff's subjective statements concerning his medical condition. In considering a claimant's symptoms, the ALJ must follow a two-step process: "Step one is to determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms…Step two is to evaluate the intensity and persistence of an individual's symptoms, such as pain, and determine the extent to which an individual's symptoms limit [his] ability to perform work-related activities." *Contreras-Zambrano v. Soc. Sec. Admin., Comm'r*, 724 F. App'x 700, 703 (11th Cir. 2018). An ALJ considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [a claimant's] statements and the rest of the evidence, including [claimant's] history, the signs and laboratory findings, and statements by [the claimant's] medical sources or other persons about how [his] symptoms affect [him]. [A claimant's] symptoms, including pain, will be determined to diminish [his] capacity for basic work activities to the extent that [his] alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. §

5

404.1529(c)(4). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Whitmore v. Soc. Sec. Admin., Comm'r*, 855 F. App'x 641, 643 (11th Cir. 2021) (internal citations omitted). "Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Id*. Nonetheless, courts will not disturb a clearly articulated finding about subjective complaints that is "supported by substantial evidence." *Id*.

Here, after referencing the proper legal standards and discussing Plaintiff's testimony regarding his impairments, medications, and activities of daily living, the ALJ concluded that Plaintiff's statements about the intensity, persistence, and limiting effects of his impairments and symptoms were not entirely consistent with the medical evidence and other evidence in the record, for the reasons discussed in the ALJ's Decision. Based on these records, the Court finds that the ALJ properly evaluated Plaintiff's symptoms. As more fully discussed above, neither Nurse Rohrbaugh's treatment notes nor the additional medical evidence from the record support Plaintiff's statements about the intensity of his migraines and resulting functional limitations. The ALJ properly considered the record as a whole, including Plaintiff's treatment history, his statements to medical providers that his migraines were well-controlled with medication, and his activities of daily living. Accordingly, the ALJ clearly articulated his evaluation of Plaintiff's subjective complaints.

Against this factual and legal backdrop, the Court finds that substantial evidence supports the ALJ's assessment of Plaintiff's subjective symptoms, limitations, and work history, and the ALJ applied the proper legal standards. The ALJ's Decision should therefore be affirmed.

The Court having reviewed, *de novo*, the Report and Recommendation of Magistrate Judge Valle, Plaintiff's objections, and the record, it is hereby,

**ORDERED** that:

(1) The Report and Recommendation to District Judge [DE 31] is **AFFIRMED and ADOPTED**, and incorporated by reference into this Court's Order;

(2) Defendant's Motion for Summary Judgment [DE 22] is **GRANTED**;

(3) Plaintiff's Motion for Summary Judgment [DE 19] is **DENIED**;

(4) Plaintiff's Objections [DE 35] are **OVERRULED**;

(5) All pending motions not otherwise ruled upon are **DENIED AS MOOT**; and

(6) This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 30th day of September, 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record